# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE,<br><br>                    Plaintiff,<br><br>vs.<br><br>A.W. ARMOSKUS, et al.,<br><br>                    Defendants. | Case No. 2:07-cv-02040-KJD-PAL<br><br>**REPORT OF FINDINGS AND<br>RECOMMENDATION**<br><br>(Amended Complaint - Dkt. #9) |

Plaintiff Terrence Brownlee is proceeding in this action *pro se*, was granted authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1) on September 28, 2007. This proceeding was referred to this court by Local Rule IB 1-9.

The court screened Plaintiff's Complaint on April 16, 2008, finding Plaintiff failed to state a claim upon which relief could be granted and allowing Plaintiff thirty days in which to file an amended complaint. This case was then reassigned to the United States District Court for the District of Nevada. *See* Dkt. #10. Plaintiff filed an Amended Complaint (Dkt. #9) on May 12, 2008. The court will now screen the Amended Complaint (Dkt. #9) pursuant to 28 U.S.C. § 1915A.

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous where it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim,

///

however inartfully pled, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

  Plaintiff's Amended Complaint attempts to state a claim under 42 U.S.C. § 1983 for violations of his Eighth Amendment right to adequate medical care and his Sixth Amendment right to access the court.

  **A.**  **Plaintiff's Eighth Amendment Claim – Medical Treatment**

  Plaintiff alleges that he is not receiving adequate treatment for a spinal injury he received in 2001 that causes him continued consistent discomfort. He further alleges that the grievances he files with the institution are being "screened out" by Defendant Chapman. He also states that on September 19, 2007, he was denied his medication. Plaintiff has filed a writ of habeas corpus in California State Court with regard to his medical care. The State of California, which is currently in receivership proceedings, is represented by a Receiver for those proceedings, and Plaintiff has attached a letter prepared by the Receiver on February 5, 2008 as well as a March 28, 2008 status update concerning Plaintiff's medical care. The letter indicates that Plaintiff is being seen on at least a monthly

/ / /

1  basis for his back pain, and that on several occasions, Plaintiff has refused his medication because he
2  "didn't want to take anymore pills." *See* Letter from Receiver at p.3, attached to Plaintiff's Complaint.
3       As a general matter, the Eighth Amendment of the United States Constitution prohibits "cruel
4  and unusual punishment." U.S. Const., Amend. VII.  The United States Supreme Court has found that
5  "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment. *Whitley*
6  *v. Albers*, 485 U.S. 312, 319 (1986) (citations omitted).  Further, "[a]mong 'unnecessary and wanton'
7  inflictions of pain are those that are totally without penological justification." *Rhodes v. Chapman*, 452
8  U.S. 337, 346 (1981) (some citations omitted).  To prove an Eighth Amendment violation, an inmate
9  must satisfy a two part test consisting of an objective prong and a subjective prong.  *Hallett v. Morgan*,
10 296 F.3d 732, 744 (9th Cir. 2003).  Under the objective prong, an inmate must show that his
11 incarceration conditions deny him "the minimal civilized measure of life's necessities."  *Rhodes*, 452
12 U.S. at 347.  Whether a particular prison condition satisfies the objective prong constitutes an issue of
13 law.  *Madrid*, 889 F.Supp. at 1246. In order to state a claim for an Eighth Amendment violation based
14 on inadequate medical care, Plaintiff must allege "acts or omissions sufficiently harmful to evidence
15 deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To
16 prevail, Plaintiff must show that: (a) his medical needs were objectively serious; and (b) Defendants'
17 possessed a sufficiently culpable state of mind–namely, that they were deliberately indifferent to his
18 medical needs.  *Hudson v. McMillian*, 503 U.S. 1, 4 (1992); *Wilson v. Seiter*, 501 U.S. 294, 299 (1991);
19 *McKinney v. Anderson*, 959 F.2d 853 (9th Cir. 1992).
20      A serious medical need exists if the failure to treat a prisoner's condition could result in further
21 significant injury or unnecessary infliction of pain.  Serious need for medical treatment can be shown
22 where an injury exists that a reasonable doctor or patient would find important and worthy of treatment;
23 where a patient has a medical condition that significantly affects his or her daily activities; or where a
24 patient is in chronic and substantial pain. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th
25 Cir. 1990) (collecting cases); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989); *McGuckin v.*
26 *Smith*, 974 F.2d 1010, 1059, 60 (9th Cir. 1992), *overruled on other grounds by WMX Technologies v.*
27 *Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).
28 / / /

In *Farmer v. Brennan*, the Supreme Court established the strict standard a plaintiff must show to prove a defendant acted with deliberate indifference. 511 U.S. 825 (1994). Negligence is insufficient. *Id.* at 835. Civil recklessness–failure to act in the face of an unjustifiably high risk of harm which is so obvious it should be known–is insufficient. *Id.* at 836-37. Such indifference occurs only when "the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. In essence, to show this prong requires that the defendant "consciously disregard a substantial risk of serious harm." *Madrid v. Gomez*, 889 F.Supp. 1146, 1246 (N.D. Cal. 1995). Thus, prison officials may be found liable for denying humane conditions of confinement only if they knew that an inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *See Farmer v. Brennan,* 511 U.S. at 838-42; *see also Morgan v. Morgansen,* 465 F.3d 1041, 1045-47 (9th Cir. 2006) (Eighth Amendment claim stated where inmate forced to continue working in prison print shop despite notifying officials of dangerously defective printing press).

Here, although Plaintiff has shown that he has a serious medical need as a result of his chronic back pain, he cannot show that Defendants acted with deliberate indifference. To the contrary, the letter from the Receiver that Plaintiff attached to his Amended Complaint shows that Defendants took extensive care to abate any risk of harm Plaintiff underwent because of his chronic back pain. For example, in 2007 alone, Plaintiff was seen by nurses, physical therapists, physicians assistants, and a neurosurgeon on at least eleven different occasions. His care continued into 2008. Under these circumstances, the court finds that Plaintiff has not shown Defendants acted with deliberate indifference to his medical needs and will recommend that Plaintiff's Eighth Amendment claim be dismissed.[1]

**B.     Plaintiff's Sixth Amendment Claim – Legal Mail**

With regard to Plaintiff's Sixth Amendment claim, he asserts that his legal mail is being opened, and it is not being mailed out in a timely manner. Plaintiff asserts that on one occasion, on June 22, 2007, he was required to "re-due" [sic] his envelopes before his mail would be sent out and

---

[1] To the extent Plaintiff is attempting to challenge the constitutionality of the grievance procedure at his institution, that claim was dismissed by the court's initial Screening Order (Dkt. #6), and the analysis will not be repeated here.

that his legal mail was left outside of his cell unattended. Plaintiff filed a grievance related to this incident, and it appears that Plaintiff was required to re-mail his envelope because he attempted to mail a four-inch binder in a 12" x 18" manilla envelope, and the envelope tore.

Generally, the Constitution guarantees prisoners the right to meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 824, 828 (1977) (prisoners have fundamental constitutional right to adequate, effective, and meaningful access to courts to challenge violations of constitutional rights), *overruled in part by Lewis v. Casey*, 518 U.S. 343 (1996). Prisoners must, however, demonstrate actual injury resulting from denial of access to support a claim alleging a constitutional violation. *Lewis v. Casey*, 518 U.S. at 349 (actual injury is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim"); *see also Miniken v. Wood*, 97 F.3d 1459, 1459 (9th Cir. 1996). Moreover, although the Ninth Circuit has not ruled on the issue, a majority of circuits have found that prisons may restrict inmates' access to legal resources to accommodate other legitimate administrative concerns. *See, e.g., U.S. v. Stotts*, 925 F.2d 83, 87-90 (4th Cir. 1991) (right of access not violated by prison policy not giving special treatment to mail from attorney, law firm, or court); *Henthorn v. Swinson*, 955 F.2d 351, 353 (right of access not violated by opening legal mail outside of inmate's presence pursuant to regulations); *Sallier v. Brooks*, 343 F.3d 868, 874-75 (6th Cir. 2003) (right of access not violated by opening legal mail); *Massey v. Wheeler*, 221 F.3d 1030, 1037 (7th Cir. 2000) (same); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (right of access not violated where legal mail opened where it was not properly labeled); *Wardell v. Duncan*, 470 F.3d 954, 960 (10th Cir. 2006). The grievances attached to Plaintiff's Amended Complaint establish a single incident occurred in which Plaintiff filled an envelope which tore, and it was returned to him to re-mail in an appropriately-sized envelope. Plaintiff does not allege that he suffered any actual injury as a result of the delay in processing his legal mail, being required to put his legal mail in an appropriately sized envelope, having his mail left outside of his cell, or having his mail allegedly opened outside of his presence. For this reason, the court will be recommend that Plaintiff's Sixth Amendment claim regarding his legal mail be dismissed.

Plaintiff also makes a general claim of retaliation–he states that his legal mail is being opened, his living conditions are becoming worse, and his medical treatment is being delayed. However,

Plaintiff does not state how or why this conduct is retaliation, nor does he state why he believes he is being retaliated against. It will be recommended that Plaintiff's retaliation claim be dismissed.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Amended Complaint be dismissed for failure to state a claim upon which relief can be granted.

Dated this 6th day of May, 2010.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).